UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CURTIS JAMES, JESMA JAMES, and
JANICE MURPHY-JAMES,

     07 CV 3752 (SJF) (JO)

    Plaintiffs,

 -against-

     **AMENDED COMPLAINT**

THE CITY OF NEW YORK, EDWIN ESPINAL,
EDWIN FERREIRA, LIEUTENANT ABBASSI,
and "JOHN/JANE DOES #1-10" believed to be
members of the NEW YORK CITY POLICE
DEPARTMENT,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  Plaintiffs Curtis James, Jesma James, and Janice Murphy-James, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

  1. At all times hereinafter mentioned plaintiff Curtis James, a black male, was a resident of Kings County, within the City and State of New York.

  2. At all times hereinafter mentioned plaintiff Jesma James, a black female, was a resident of Kings County, within the City and State of New York.

  3. At all times hereinafter mentioned plaintiff Janice Murphy-James, a black female, was a resident of Kings County, within the City and State of New York.

  4. At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

5. At all times hereinafter mentioned, defendant Edwin Espinal, whose shield number is believed to be 9609, was at all relevant times herein employed by the City of New York as a police officer assigned to the 77th precinct of the NYPD. Espinal is being sued in both his official and individual capacities.

6. At all times hereinafter mentioned, defendant Edwin Ferreira, whose shield number is believed to be 29509, was at all relevant times herein employed by the City of New York as a police officer assigned to the 77th precinct of the NYPD. Ferreira is being sued in both his official and individual capacities.

7. At all times hereinafter mentioned, defendant Lieutenant Abbassi, whose first name and shield number are currently unknown, was at all relevant times herein employed by the City of New York as a supervisory police officer assigned to the 77th precinct of the NYPD. Abbassi is being sued in both his official and individual capacities.

8. At all times hereinafter mentioned, the defendants, "John/Jane Does #1-10" (collectively referred to herein as the "Doe defendants") were officers, detectives, sergeants, or members of the NYPD of another rank, and were employed, retained, and trained by New York City, and were state actors performing their duties under color of law.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1981 and 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

11. That plaintiff timely served a Notice of Claim on the municipal defendant.

12. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

13. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

14. At or around the evening hours of June 9, 2006, plaintiff Curtis James and a friend were lawfully present near the front of the plaintiffs' residence at or around the intersection of Schnectedy Avenue and Sterling Place in Kings County, New York, where they were waiting to meet Mr. James's girlfriend.

15. While present at the aforesaid location several officers, including defendants Espinal and Ferreira, approached Mr. James and his friend and instructed them to leave the location. The officers gave no reason, nor did they offer any legal authority, for their directive to Mr. James and his friend.

16. Shortly thereafter, Mr. James's girlfriend telephoned him to say she was almost there, at which time Mr. James and his friend returned to the corner to meet her.

17. Minutes later they were approached by three officers, including the defendants. One of the officers directed the other two to arrest both Mr. James and his friend, and both were then handcuffed.

18. Additional NYPD reported to the scene.

19. Defendant Abbassi was present on the scene as the supervising officer and remained present until the plaintiffs were removed from the scene.

20. Moments later, plaintiffs Janice Murphy-James and Jesma James, Mr. James's mother and sister, appeared at the scene of the arrest.

21. Both women inquired as to why Mr. James and his friend had been arrested and protested that there was no lawful basis for the arrest.

22. Both Ms. Murphy-James and Ms. James were then assaulted and arrested by officers on the scene.

23. At no time did the defendants have sufficient cause to detain, search, arrest or use any degree of physical force against any of the plaintiffs, nor was there any basis for the defendants to reasonably believe that such cause existed.

24. All three individual defendants were present and participated in the assault and arrest, or otherwise assisted therein.

25. All three plaintiffs were handcuffed and transported to a local NYPD station house for processing, and subsequently transferred to Kings County Central Booking. All criminal charges against Mr. James and Ms. Murphy-James were dismissed pursuant to Criminal Procedure Law § 170.55. The charges lodged against Ms. James are still pending under docket number 2006KN039959.

26. Each of the plaintiffs remained in defendants' custody for approximately 40 hours before being arraigned.

27. Defendants Espinal and Ferreira swore out criminal complaints against all

three plaintiffs in which the defendants made false statements of fact and/or misstated the events that had occurred in order to manufacture probable cause for the plaintiffs' arrest.

28. At no time did any of the defendants, including Lt. Abbassi, take any steps to intervene in the aforementioned misconduct of the other defendants, or to protect the plaintiffs' from the misconduct of the other defendants, or to otherwise protect plaintiffs safety, well-being and constitutional rights.

29. At all times relevant herein, each of the individual defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

30. Plaintiffs repeat the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31. Defendants willfully and intentionally seized, searched, arrested and imprisoned plaintiffs without sufficient legal cause, and without a reasonable basis to believe such cause existed.

32. Defendants willfully and intentionally subjected plaintiffs to excessive force by employing more than what was reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

33. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, and thereby violated, conspired to violate, and aided and abetted in the

violation of plaintiffs' rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical suffering, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

35. Plaintiffs repeat the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. The municipal defendant was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the area of plaintiffs' arrest specifically.

37. The municipal defendant knew or should have known that there was inadequate supervision within the 77th precinct on and prior to June 9, 2006, and that NYPD guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members. Despite the prior notice of inadequate supervision, the defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiffs herein.

38. The defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general,

and plaintiffs' rights in particular.

39. By reason thereof, the defendant has violated 42 U.S.C. § 1983 and caused plaintiffs to suffer emotional and physical suffering, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

### THIRD CAUSE OF ACTION

40. Plaintiffs repeat the allegations contained in paragraphs "1" through "39" above as though stated fully herein.

41. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

42. That defendant City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

43. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up

such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

   44. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiffs of their right to equal protection under the law and impeded the due course of justice, in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiffs to suffer emotional and physical suffering, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

   45. Plaintiffs repeat the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

   46. Defendants' violation of plaintiffs' constitutional rights was motivated by defendants' racial animus towards plaintiff and was knowingly undertaken with the intent to deny the plaintiffs their right to full and equal benefit of the laws on the basis of their race.

   47. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused plaintiffs to suffer emotional and physical suffering, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## FIFTH CAUSE OF ACTION

   48. Plaintiffs repeat the allegations contained in paragraphs "1" through "47"

above as though stated fully herein.

49. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, beaten, held in custody, and subjected to criminal process by the defendants.

50. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, beating and searching plaintiffs, and commencing process, and said conduct, was unlawful.

51. The municipal defendant is therefore liable to plaintiffs for excessive force, false arrest and imprisonment, and assault and battery.

52. By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical suffering, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**SIXTH CAUSE OF ACTION**

53. Plaintiffs repeat the allegations contained in paragraphs "1" through "52" above as though stated fully herein.

54. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiffs.

55. The police and law enforcement conduct engaged in and rendered to plaintiffs by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and

9

accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

56.   As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiffs were caused to sustain severe and irreparable personal injury and damage.

57.   By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical suffering, mental anguish, and to be unlawfully incarcerated.

### SEVENTH CAUSE OF ACTION

58.   Plaintiffs repeat the allegations contained in paragraphs "1" through "57" above as though stated fully herein.

59.   Defendants City of New York and Abbassi were responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the area of plaintiffs' arrest specifically.

60.   The municipal defendant knew or should have known that there was inadequate supervision within the 77th precinct on and prior to June 9, 2006, and that NYPD guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members.  Despite the prior notice of inadequate supervision, the defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including specifically, plaintiffs herein.

61.   The municipal defendant was deliberately indifferent to the risk that the

inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and plaintiffs' rights in particular.

62. Defendant Abbassi was present at the scene of plaintiffs' arrest at all material times herein in his capacity as a supervisory officer, during which such times he failed to undertake such reasonable and prudent action as required of a supervisory member of the NYPD to ensure that the officers under his command engaged in police conduct in a lawful and proper manner.

63. By reason thereof, the municipal defendant is liable to plaintiffs for its negligent supervision and retention of NYPD employees and agents, and caused plaintiffs to suffer emotional and physical suffering, mental anguish, and to be unlawfully incarcerated.

## EIGHTH CAUSE OF ACTION

64. Plaintiffs repeat the allegations contained in paragraphs "1" through "63" above as though stated fully herein.

65. Defendants' willfully and intentionally seized, searched, beat, and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and retaliated against plaintiffs for exercising their constitutional rights, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

66. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiffs their right to full and equal benefit of the laws on the basis of race.

67. By reason thereof, defendants have caused the plaintiffs to be deprived of

their state constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

   i.   on the first cause of action actual and punitive damages in an amount to be determined at trial;

   ii.  on the second cause of action  actual and punitive damages in an amount to be determined at trial;

   iii. on the third cause of action actual damages in an amount to be determined at trial;

   iv.  on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

   v.   on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

   vi.  on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

   vii. on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

   viii. on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

   ix.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

   x.   such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       October 16, 2007

                              REIBMAN & WEINER

                              /s/
                  By: _____
                            Michael B. Lumer (ML-1947)
                            Attorneys for Plaintiffs
                            26 Court Street, Suite 1005
                            Brooklyn, New York 11242
                            (718) 522-1743